UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SKYE BENNETT**<br>　　　　　　　　　　Plaintiff,<br><br>VERSUS<br><br>**ASSOCIATED WHOLESALE GROCERS, INC.**<br>　　　　　　　　　　Defendant | **CIVIL ACTION:** |

# COMPLAINT

NOW COMES, Plaintiff, Skye Bennett, who brings this action pursuant to the Fair Labor Standards Act and complains against Defendant, Associated Wholesale Grocers, Inc. ("AWG"), as follows:

## I. INTRODUCTION

1. Plaintiff brings this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* to recover unpaid overtime wages and statutorily authorized liquidated and penalty damages as well as reasonable attorney's fees and costs associated with this litigation.

2. Defendant implemented and adhered to record-keeping and compensation policies and practices that intentionally misclassified plaintiffs as exempt from the FLSA's overtime wage provisions and required employees to work hours in excess of 40 hours in a workweek but prohibited employees from properly recording all hours worked so that Defendant could avoid paying overtime compensation to its employees.

3. Defendant's record-keeping and compensation policies and practices created and continue to create willful failures and refusals to pay proper minimum wage and overtime compensation to Plaintiff and all other similarly situated nonexempt employees who are or were prohibited

from accurately recording their work hours and not compensated properly for all their hours worked.

## II. PARTIES

4. Plaintiff, Skye Bennett, is an adult citizen of the United States and resident of St. Tammany Parish, Louisiana.

5. Defendant, Associated Wholesale Grocers, Inc. is a Foreign Corporation authorized and doing business in Louisiana.

6. Plaintiff is a former employee of AWG.

## III.  JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action is brought under the Fair Labor Standards Act.

8. This Court has personal jurisdiction over Defendant because it conducts business and employs individuals in the judicial district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); business records are kept and all or a substantial part of the events giving rise to the claims occurred within this judicial district, including but not limited to the unlawful employment and compensation practices described herein.

## IV.  STATEMENT OF FACTS

10. AWG is the nation's largest cooperative food wholesaler to independently owned supermarkets, serving over 3,800 locations in more than half of the states in the country.

11. One of AWG's distribution centers is located in Pearl River, Louisiana.

12. The Pearl River facility is extremely busy and regularly employs over 300 employees at a time. The work is fast paced and the vast majority of the workers work well over 40 hours per workweek.

13. Plaintiff started working for AWG in January 2015 as a loader.

14. As a loader, she performed manual labor including arranging food and retail products onto pallets, operating a fork lift, and loading pallets onto trucks to be shipped to local grocery stores.

15. In July 2018, AWG changed Plaintff's job title to "supervisor" and changed her FLSA overtime exempt status from non-exempt to exempt.

16. AWG also switched her compensation from hourly to salary, and AWG ceased paying Plaintiff overtime wages even though she regularly worked significant hours in excess of 40 hours in a workweek.

17. AWG improperly classified Plaintiff as being exempt from the FLSA's overtime provisions.

18. Despite the title of "Supervisor", Plaintiff did not have the authority to hire or fire employees, did not regularly supervise the same workers, did not have the authority to discipline employees, and she did not have the authority to set employees schedules.

19. Plaintiff's actual role was "Lead" rather than supervisor.

20. Moreover, Plaintiff was required to perform manual labor, including but not limited to: unloading trucks, loading trucks, selecting product from warehouse shelves and placing it on pallets, operating forklifts, and cleaning the warehouse.

21. Plaintiff was regularly scheduled to work exactly 8 hours a day and 40 hours every workweek, and she was required to take paid time off if she was not going to work her scheduled hours.

22. Plaintiff regularly and routinely arrived at work and began working before her scheduled shift time, worked through her scheduled lunch break, and worked after her scheduled shift end time and on weekends.

23. Plaintiff frequently worked 12 to 14 hour days and 65 to 80 hours per workweek.

24. Even though AWG used a timekeeping system that could accurately record employee work hours, AWG instructed Plaintiff not to record any hours worked that were in excess of 40 hours in a workweek.

25. AWG's record-keeping and compensation policies and practices mandated that Plaintiff not accurately record her actual work hours.

26. No AWG manager questioned or investigated why Plaintiff worked hours outside of and in excess of her scheduled work time or whether she accurately reported all the hours she worked.

27. No AWG manager ordered Plaintiff to cease working hours outside of and in excess of her scheduled work hours; rather, AWG knowingly allowed Plaintiff to suffer or permitted Plaintiff to work hours in excess of his or her scheduled work time.

28. No AWG manager investigated or ensured that Plaintiff was being compensated for all hours worked, including the hours worked outside and in excess of her scheduled work time.

29. Defendant developed and implemented a policy to misclassify as many employees as possible as salaried non-exempt employees regardless of their job duties to avoid incurring any overtime compensation obligations.

30. Defendant's record-keeping policy intentionally promoted the falsification of employee time sheets by prohibiting employees from reporting their work hours properly and accurately.

## V. FLSA VIOLATION

31. Defendant has gross annual sales equal to or greater than $500,000.

32. Defendant engaged in interstate commerce including but not limited to allowing its employees to handle, sell, produce, or otherwise work on goods or materials that came from a state other than Louisiana.

33. Plaintiff, in their scope of employment with AWG, engaged in interstate commerce including but not limited to handling, producing, or otherwise working on goods or materials that came from a state other than Louisiana.

34. Plaintiff, as an employee of Defendant, used the mail, telephone or other equipment to communicate across state lines.

35. Plaintiff was misclassified as an exempt employee of Defendant.

36. As an employee of Defendant, Plaintiff's major, main, principal or most important duties did not require advanced knowledge in a field of science or learning or the consistent exercise of discretion or judgment.

37. Plaintiff's primary duties did not include managing the enterprise or managing a customarily recognized department or subdivision of the enterprise.

38. Plaintiff did not customarily or regularly direct the work of at least two or more full-time employees.

39. Plaintiff did not have the authority to hire and fire other employees or make any other change in employee status.

40. Plaintiff's primary duties did not include the performance of non-manual work directly related to the management or general business operations of Defendant or its customers. To the contrary, Plaintiff regularly as part of her regular job duties performed manual labor.

41. Plaintiff did not exercise discretion or independent judgment as to matters of significance to Defendant's business operations or management.

42. Defendant failed to keep accurate payroll records showing the total hours worked each day and week by its employees.

43. Defendant refused to pay Plaintiffs for any hours worked in excess of 40 hours in a

workweek.

44. Plaintiff regularly worked time that she was not permitted to record properly and for which she was not compensated properly or at all.

45. Plaintiff regularly worked time in excess 40 hours in a workweek for which she was not compensated.

46. Defendant did not compensate Plaintiff properly for all hours worked.

47. Defendant did not compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a workweek.

48. Defendant violated 29 U.S.C. §§ 206 & 207 by failing to compensate Plaintiff properly.

49. Defendant knew that Plaintiff worked hours for which Plaintiff were not compensated properly.

50. Defendant failed to act in good faith when they promoted falsification of payroll records and refused to pay employees properly for time worked.

51. Defendant either knew their conduct was illegal or showed reckless disregard as to whether their conduct violated the law.

52. Defendant's actions constitute knowing, intentional and willful violations of the FLSA.

53. Many employees complained to AWG alleging the job of supervisor was misclassified; as early as October 2017, supervisors began filing lawsuits against AWG alleging intentional misclassification of employees to avoid paying overtime, but AWG continued to misclassify "supervisors" as exempt.

54. Plaintiff was damaged as a direct and proximate result of Defendant's actions, policies and practices and failure to compensate her properly.

55. Plaintiff is entitled to recover from Defendant her unpaid minimum wages, unpaid overtime

wages, liquidated damages, reasonable attorney's fees and costs and judicial interest.

56. As such, their claims relate back to the previous matter.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Skye Bennet, prays that the Court:

a. Enter judgment declaring that Defendant's policies and practices complained of herein violate the FLSA;

b. Enjoin Defendant, its officers and agents from engaging in the policies and practices complained of herein;

c. Enter judgment against Defendant and award to Plaintiff, damages for unpaid minimum wages, unpaid overtime wages, liquidated damages, pre-judgment interest and post-judgment interest, all in amounts to be determined at trial;

d. Enter judgment requiring Defendant to pay to Plaintiff's costs and expenses of bringing this action, including but not limited to reasonable attorney's fees, expert's fees and other costs.

e. Enter judgment awarding to Plaintiff any and all further legal relief as this Court deems necessary, just and proper.

Respectfully submitted,

/s/Chad A. Danenhower
Chad A. Danenhower, Bar # 32845
Danenhower Law Firm, LLC
212 Park Place
Covington, LA 70433
Phone: 985-590-5026
Fax: 985-605-0525
chad.danenhower@danenhowerlaw.com

Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640
dale@daleslaw.com

## VERIFICATION

I, Skye Bennett, declare that I am the plaintiff in this case, a citizen of the United States of America, and a resident of Louisiana. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint are true and correct to the best of my knowledge.

Executed on August 5, 2020.

Skye Bennett